# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | Civil No. 4:12-CV-2233 |
| | : | |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| EDWARD S. BLANARIK, ESQ., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

This action is one of eight cases[1] recently filed by a *pro se* Plaintiff, Isaac Fullman. These cases involve a common nucleus of operative facts. In each instance the Plaintiff, Isaac Fullman, has alleged that his civil rights were violated in connection with a state criminal prosecution in Centre County for DUI and traffic offenses, or some other summary offense. Yet, in each instance, Fullman reveals that he stands convicted of the criminal charges which lie at the heart of the lawsuit. In fact, in some instances Fullman recites that he pleaded guilty to these offenses. Thus,

---

[1] Fullman v. Patton Township Police Dep't., 4:12-CV-1879; Fullman v. Penn State University Police Dep't., 4:12-CV-1880; Fullman v. Centre County District Attorney's Office, 4:12-CV-1881; Fullman v. State College Borough Police Dep't., 4:12-CV-1882; Fullman v. Ferguson Township Police Dep't., 4:12-CV-1883; Fullman v. Centre County District Attorney's Office, 4:12-CV-12061; Fullman v. Centre County Prison, 4:12-CV-2063; Fullman v. Blaniak, 4:12-CV-2233.

1

Fullman's current civil lawsuit, which names his state criminal defense counsel as the sole Defendant, like many of his prior lawsuits seeks to re-litigate these state criminal convictions in the guise of civil litigation.

Along with his latest complaint, Fullman has sought leave to proceed *in forma pauperis*. While we will grant Fullman's motion for leave to proceed *in forma pauperis*, (Doc.2.), as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we have carefully reviewed this complaint, and conclude that, in its current form, the complaint fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.  Discussion

### A.  Screening of *Pro Se* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically

2

enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

4

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these standards, Fullman's *pro se* complaint is flawed in the following fundamental respects.

### B. **Fullman's Requests for Injunctive Relief Are Moot Since He States That He is No Longer Incarcerated**

At the outset, to the extent that Fullman alleges in this complaint that he seeks injunctive relief, we should decline this request. Fullman makes this request for injunctive relief, even though he states that he now lives in Philadelphia and is no

6

longer in custody. Fullman's request for injunctive relief, therefore, runs afoul of a basic legal tenet. In general, an inmate-plaintiff's transfer to another prison, or his release, moots a request for declaratory or injunctive relief. See, e.g., Bronson v. Overton, Civ. A. No. 08-52E, 2010 U.S. Dist. LEXIS 60003, at *1 n.1 (E.D. Pa. May 27, 2010); Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief."). Indeed, as this Court has previously observed, in a case such as this, where a former inmate seeks injunctive relief but is later removed from custody:

> [H]is request[] to enjoin the defendants from interfering with his [rights] is academic. See Muslim v. Frame, 854 F.Supp. 1215, 1222 (E.D.Pa.1994). In other words, [the prisoner-plaintiff's] transfer to another institution moots any claims for injunctive or declaratory relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir.1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981).
>
> Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa.1998).

These principles control here, and compel dismissal of this injunction action as moot at this time since Fullman is no longer in custody on these charges.

### C. Fullman May Not Bring a Civil Rights Action for False Arrest Based Upon What Are Presently Valid Criminal Convictions and Sentences

In addition, this complaint fails because it rests on a fatally flawed legal premise. At bottom, Fullman seeks to bring this civil rights action premised on

claims arising out of valid state criminal convictions which he admits have not otherwise been set aside or overturned.

This he cannot do. Quite the contrary, it is well-settled that an essential element of a civil rights claim in this setting is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the civil rights plaintiff brings a claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law. The United States Court of Appeals for the Third Circuit has aptly observed in this regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability." Heck v. Humphrey, 512 U.S. 477, 483(1994) (quoting Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305(1986) (internal quotation marks omitted)). Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point for inquiry under § 1983 as well." Heck, 512 U.S. at 483 (quoting Carey v. Piphus, 435 U.S. 247, 257-58,(1978)). The Supreme Court applied this rule in Heck to an inmate's § 1983 suit, which alleged that county prosecutors and a state police officer destroyed evidence, used an unlawful voice identification procedure, and engaged in other misconduct. In deciding whether the inmate could state a claim for those alleged violations, the Supreme Court asked what common-law cause of action was the closest to the inmate's claim and concluded that "malicious prosecution provides the closest analogy ... because unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process." Heck, 512 U.S. at 484. Looking to the elements of malicious prosecution, the Court held that the inmate's claim could not proceed because one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor, and the inmate in Heck had not successfully challenged his criminal conviction. Id.

Hector v. Watt, 235 F.3d 154, 155-156 (3d Cir. 2000)

In this case it is evident from Fullman's complaint that his prior state criminal prosecutions did not terminate favorably for him, since he admits that he was convicted in each of these state cases. Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor." id., the immutable fact of Fullman's convictions presently defeats any federal civil rights claims based upon these state criminal cases, and compels dismissal of these claims. In short, the complaint is based, in part, upon the fundamentally flawed legal premise that Fullman can sue for civil rights violations arising out of his state criminal prosecutions even though he stands convicted of the crimes charged against him. Since this premise is simply incorrect, Fullman's current complaint fails as a matter of law.

### D. Fullman May Not Bring a Federal Civil Rights Action Against The Attorney Who Represented Him

In addition to these broad, over-arching deficiencies in this complaint, the complaint also fails on another basic ground–it names as a §1983 defendant a person who cannot be sued under §1983, a private defense attorney. In this complaint Fullman seeks to sue a private attorney, alleging that the attorney did not effectively represent him in this state criminal case. Fullman may not bring such claims against

9

his own state criminal defense counsel as civil rights violations pursuant to 42 U.S.C. §1983.

It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994); <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).

<u>Boykin v. Bloomsburg University of Pennsylvania</u>, 893 F.Supp. 409, 416 (M.D.Pa. 1995), <u>aff'd</u>, 91 F3d 122 (3d Cir. 1996)(emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the Plaintiff's rights. To the extent that a complaint seeks to hold private parties liable

for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

This principle applies with particular force to civil rights plaintiffs like Fullman, who may invite the courts to consider lawsuits against their own state criminal defense counsel. With respect to this state action requirement, it is well-settled that the conduct of an attorney, representing a client in a state criminal case, does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil rights actions against his own prior counsel. See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). Therefore, in the absence of some further well-pleaded facts, Fullman may not convert his dissatisfaction with the performance of his state criminal defense counsel into a federal civil rights lawsuit.

### E. **This Pleading Also Fails As a Federal Habeas Corpus Petition**

Furthermore, to the extent that Fullman is endeavoring to file a federal habeas corpus petition collaterally challenging his state conviction based upon alleged ineffective assistance of counsel, this pleading fails to meet the procedural thresholds set by law since Fullman's factual recitals reveal that he is no longer in custody and reflect that he has not exhausted his state remedies, by appealing the conviction or collaterally challenging this conviction in state court through a Post Conviction Relief

Act petition. Rule 4 of the Rules Governing State Prisoner Habeas Corpus Petitions provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

Here, summary dismissal of this pleading as a state prisoner habeas corpus petition is appropriate for at least two reasons. In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section

2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing

14

that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

Furthermore, individuals like Mr. Fullman may only file "an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State Court." 28 U.S.C. §2254(a)(emphasis added). "[W]hile the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed. See Maleng v. Cook, 490 U.S. 488, 490-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). The meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty ... which were not shared by the public generally,' along with 'some type of continuing governmental supervision.' Barry v. Bergen County Probation Dept., 128 F.3d 152, 160 (3d Cir.1997) (quoting Jones v. Cunningham, 371 U.S. 236, 240, 242,

83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and Tinder v. Paula, 725 F.2d 801, 803 (1st Cir.1984))". Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003).

In this case, the recitals set forth in his complaint reveal that Mr. Fullman both is no longer in state custody on this conviction, and has neglected to exhaust any of the available legal remedies he has in state court before seeking to challenge this conviction in federal court on the grounds of ineffective assistance of counsel. Given these two fatal flaws in this pleading as a petition for writ of habeas corpus, we recommend that the Court decline to entertain this pleading, in its current form, as a federal habeas corpus petition.

### G. The Complaint Should be Dismissed Without Prejudice

In closing, we recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, Fullman has not currently alleged facts that would state a claim upon which relief may be granted against the named Defendant. Nonetheless, out of an abundance of caution, and in order to preserve the Plaintiff's rights, it is recommended that this matter be dismissed without prejudice to Fullman attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by

16

including proper allegations that meet the requirements of federal law, provided he acts promptly.

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED, (Doc. 2.), but that the Plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any effort by Fullman to timely allege facts in an amended complaint which might state a claim upon which relief may be granted, provided that Fullman files an amended complaint within 20 days of the entry of any dismissal order.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of November 2012.

                                        ***S/Martin C. Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge